ROBERT M. BARTA (SBN: 108205)
GREGORY T. GOLDBERG (SBN: 349139)
**BARTA | TATE**
1801 Century Park East, Suite 1200
Los Angeles, California 90067
Telephone: (310) 479-1454
Facsimile: (310) 478-1439

Attorneys for Defendants:
MARK WILLIAMS FILMS, LLC d/b/a
ZERO GRAVITY MANAGEMENT, MARK
WILLIAMS and ERIC WILLIAMS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KURT MCLEOD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZERO GRAVITY MANAGEMENT, an unknown business entity; MARK WILLIAMS, an individual; ERIC WILLIAMS, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:22−cv−01547 FWS-AGR<br><br>Hon. Fred W. Slaughter<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING SCHEDULING ORDER** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING SCHEDULING ORDER**

1

Defendants, Mark Williams, Eric Williams, and Zero Gravity Management, submit the following Memorandum of Points and Authorities in Opposition to Plaintiff's *Ex Parte* Application for an Order Amending Scheduling Order.

## I. Introduction

Plaintiff's *Ex Parte* Application for an Order Amending Scheduling Order is an improper attempt to remedy Plaintiff's own avoidable lack of diligence prosecuting his own case and unwarranted dereliction pursuing financial discovery from Defendants. Allowing a further amendment to the current Scheduling Order to accommodate Plaintiff's delinquency would unfairly prejudice Defendants in numerous ways. Accordingly, Plaintiff's *Ex Parte* Application should be denied.

## II. Relevant Facts

On May 12, 2023, the parties submitted a Joint Stipulation to Amend Scheduling Order to Continue Case Deadlines. (ECF No. 34.) Therein, the parties agreed to a proposed fact-discovery deadline of October 9, 2023. (*Id.* at 2.) In the Joint Stipulation, Plaintiff noted his intention to take the depositions of Defendants, Mark Williams, and Eric Williams, among others. (*Id.* at 1.) Plaintiff further noted the unfortunate circumstances surrounding his son's health and corresponding treatment schedule. (*Id.*) The Court obliged the parties' request, accounting for the anticipated non-expert discovery and personal considerations, and extended the Non-Expert Discovery Cut-Off from June 8, 2023, until October 12, 2023 – an extension of four additional months. (ECF No. 35.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING SCHEDULING ORDER**

2

As Magistrate Judge Rosenberg ordered on October 24, 2023:

> The discovery cut-off date is "the final day for completion of discovery, ***including resolution of all discovery motions***." (Order, Dkt. No. 26 at 3.) The parties first requested a discovery conference in this case on October 13, 2023, after the discovery cut-off date. This court obviously could not have resolved the discovery disputes by October 12, 2023. (ECF No. 46.) (Emphasis added.)

Notwithstanding the agreed-upon extension of the non-expert discovery cut-off to October 12, 2023 – a deadline falling more than 19 months after Plaintiff filed his Complaint on March 8, 2022 – Plaintiff did not serve notices for Eric Williams or Mark Williams's depositions until September 22, 2023, just 20 days before the cut-off. (Ex. A – Eric Williams Dep. Notice; Ex. B – Mark Williams Dep. Notice.) Therein, Plaintiff noticed Eric and Mark's depositions for October 4, and October 9, respectively—dates that Defendants accommodated within days. Eric's deposition took place on October 9; Mark's took place on October 12, while Mark was in Europe on business, nine hours ahead of Pacific Standard Time.

Plaintiff did not request financial information from Defendants for the first time until a week later, when Plaintiff served Amended Notices of Deposition ("Amended Notices") on September 28, 2023, just 14 days before the cut-off (Ex. C – Eric Williams Amended Dep. Notice; Ex. D – Mark Williams Amended Dep. Notice.) No such request was included in Plaintiff's prior written discovery requests. Defendants sent their written objections to the Amended Notices on October 6, 2023. (Ex. E – Ltr. from Barta to Counsel). Plaintiff sent a meet and confer email on

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING SCHEDULING ORDER**

3

October 7, 2023, and Defendant responded on October 9 (Ex. F – meet and confer emails). Plaintiff did not request a discovery conference until October 13, 2023, one day after the non-expert discovery cut-off. (Ex. G – Email from Gray to Chambers.)

In an effort to accommodate Plaintiff's request for Defendant's business-related financial information, and to avoid bringing this issue before the Court, Defendants offered to stipulate to bifurcate the issues of liability and punitive damages, at trial. (Ex. H – Barta to Hemar). Plaintiff declined. (*Id.*) Instead, Plaintiff seeks to reopen discovery to conduct a discovery conference and additional motions practice, all of which should have been completed and resolved by the cut-off on October 12, 2023.

### III. Argument

Plaintiff's *Ex Parte* Application fails to state good cause to reopen non-expert discovery in this case. Simply put, Plaintiff was not diligent, and Plaintiff's reasoning in support of his *Ex Parte* Application is not compelling. Plaintiff claims the scheduling of depositions in this case was delayed "due to various reasons," including "personal issues" (ECF No. 48-1 at 1-2.) However, none of Plaintiff's stated reasons justify (a) Plaintiff's lack of diligence and delay in scheduling Eric and Mark's depositions; or (b) Plaintiff's decision not to propound written discovery requesting Defendant's financial information until immediately prior to the non-expert discovery cut-off.

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER AMENDING SCHEDULING ORDER**

4

  First, and with all possible respect to Plaintiff and Plaintiff's son's medical needs, the Court's extension of the non-expert discovery cut-off to October 12, 2023, already contemplated time for treatment. (ECF No. 34 at 1.) If Plaintiff thought a four-month extension was a sufficient accommodation back in May, it is unclear what changed in the interim or why it impacted the scheduling of Defendants' depositions. In deference to Plaintiff's inability to travel, Defendants conducted Plaintiff's deposition remotely, via audio-video conference, while Plaintiff remained at home in Canada to attend to his son. Moreover, Plaintiff, whose presence at Defendants' depositions was neither necessary nor required, attended both proceedings remotely from his home in Canada. In any event, Plaintiff's ability or inability to travel is not relevant to the questions of (a) why Plaintiff waited so long to notice Defendants' depositions; or (b) why Plaintiff didn't seek financial information from Defendants via a written discovery request sooner. The answer to those questions is that Plaintiff was not diligent.

  Second, the parties' unsuccessful mediation does not justify reopening non-expert discovery at this late stage. To begin with, the mediation took place on July 21, 2023, two full months before Plaintiff served deposition notices on Defendants. Nothing prevented Plaintiff from noticing Defendants' depositions until late September, or, at a minimum, propounding written discovery requesting Defendants' financial information earlier. Plaintiff has offered no reasonable justification for electing not to do either. Besides, to the extent Plaintiff was aware

that mediation might fail, Plaintiff cannot avoid his duty diligently to prosecute his claim based upon the hypothetical possibility of settlement.

Finally, Mark's location did not complicate scheduling his deposition, contrary to Plaintiff's claim. As stated hereinabove, similar to Plaintiff's deposition, Mark's deposition proceeded remotely, via audio-video conference, three days after the original notice date. Even though, at the time, Mark was traveling on business in Europe—9 times zones ahead of Los Angeles—the proceeding started at 8:30 a.m. local time in California and was completed within one day. The only person whose schedule was affected by Mark's travel was Mark. All of the Los Angeles-based attorneys, and Plaintiff, participated during normal business hours. Again, regardless of Mark's location or travel schedule, nothing prevented Plaintiff from seeking to depose Mark sooner or propounding additional written discovery seeking Defendants' financial information sooner.

Allowing Plaintiff's *Ex Parte Application* would prejudice Defendants in numerous ways. First, it would be manifestly unfair and unduly burdensome for Defendants to be required to bear the additional expense of appearing at a discovery conference and defending against Plaintiff's contemplated Motion to Compel after the non-expert discovery cut-off. Second, reopening non-expert Discovery, even for a supposedly limited purpose, will potentially impact the remaining pretrial deadlines, most specifically topics germane to expert discovery, as well as Defendants' trial preparations.

Third, and perhaps most importantly, even though Plaintiff's *Ex Parte* Application cites authority regarding the alleged relevance of the net worth and financial condition of Defendants' business, Zero Gravity Management, this is misleading. Plaintiff's Amended Notices set forth identical requests for document production seeking: "All DOCUMENTS RELATING TO YOUR net worth." (Ex. C & D). Moreover, Plaintiff plainly asked Eric: "What's your net worth." (Ex. I Dep. of E. Williams at 157.) These are requests for Defendants' personal financial information, not Zero Gravity Management's financial information.

Of course, the relevancy of the financial information Plaintiff seeks has no bearing on the question of whether Plaintiff was diligent in seeking that information. In other words, whether the information is relevant does not strictly matter. The only inquiry that matters with respect to Plaintiff's *Ex Parte* Application is whether Plaintiff acted diligently, and he clearly has not.

### IV. Conclusion

In sum, Defendants should not be penalized for Plaintiff's failure to be diligent. Plaintiff chose not to seek Defendants' financial information until the eve of the discovery cut-off, leaving insufficient time to resolve a legitimate and predictable dispute in conformity with the Court's Amended Scheduling Order. There is simply no excuse justifying Plaintiff's failure to schedule Defendants' depositions sooner. Moreover, Plaintiff, at any time, could have propounded a written discovery request seeking Defendants' financial information. But Plaintiff

failed to do so. Whether the information Plaintiff seeks is relevant is irrelevant. Plaintiff's lack of diligence should not be rewarded. The *Ex Parte* Application for an Order Amending Scheduling Order should be denied.

Dated:  October 27, 2023          BARTA | TATE

By: */s/ Gregory T. Goldberg*
    Robert M. Barta
    Gregory T. Goldberg
    Attorneys for Defendants,
    MARK WILLIAMS FILMS, LLC d/b/a
    ZERO GRAVITY MANAGEMENT,
    MARK WILLIAMS and ERIC
    WILLIAMS